

FILED
CLERK, U.S. DISTRICT COURT
11/6/15
CENTRAL DISTRICT OF CALIFORNIA
BY: CS    DEPUTY



FILED & ENTERED
NOV 04 2015
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

CV15-8713-JAK

| | |
|---|---|
| In re: ARNOLD W. KLEIN, M.D., Debtor. | Case No.: 2:11-bk-12718-RN<br>Chapter: 7 |
| ARNOLD W. KLEIN, M.D., an individual, Plaintiff, v. MUHAMMAD KHILJI, an individual; JASON ROGER PFEIFFER, an individual; KHILJI-PFEIFFER, LLC, a California limited liability company; KHILJI & KLEIN, LLP, an unknown business entity; THE PRIVATE BANK OF CALIFORNIA, a California corporation; BANC OF CALIFORNIA, a California corporation; EXCEL NATIONAL BANK, a California banking corporation; CITY NATIONAL BANK, a California corporation; Z & P INVESTMENT SERVICES, LLC, a California limited liability company; ABLE INVESTMENT SERVICES, LLC, a Nevada limited liability Company; NXT EQUITIES INCORPORATED, a California | Adv. No.: 2:15-ap-01487-ER<br><br>**REPORT AND RECOMMENDATION OF THE HONORABLE ERNEST M. ROBLES, UNITED STATES BANKRUPTCY JUDGE, TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA CONTAINING PROPOSED FINDINGS OF FACT, CONCLUSIONS OF LAW, AND FINAL JUDGMENT REGARDING DEFENDANTS' MOTION FOR DISMISSAL WITH PREJUDICE**<br><br>Date:  November 4, 2015<br>Time:  11:00 a.m.<br>Location: Ctrm.1568<br>     Roybal Federal Building<br>     255 East Temple Street<br>     Los Angeles, CA 90012 |

| | |
|---|---|
| Corporation; DOMINION MORTGAGE CORPORATION, a California corporation; TODD GALLINGER, I, an individual; ROBERT LORSCH, an individual; R. TODD NEILSON, an individual; CHARTIS INSURANCE AND PRIVATE CLIENT GROUP , a California corporation; and DOES 1-50,<br><br>        Defendants. | |

    This Report and Recommendation is submitted by the undersigned Judge of the United States Bankruptcy Court for the Central District of California (the "Court") to the United States District Court for the Central District of California (the "District Court") pursuant to 28 U.S.C. § 157(c)(1) and Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 9033, based upon the Court's determination that the matters addressed herein constitute a non-core proceeding.[1]

    As detailed more fully below, the Court recommends that the District Court (1) adopt all of the Court's proposed findings of fact and conclusions of law, (2) grant the motions to dismiss,

---

[1] The Court considered the following papers in preparing this Report and Recommendation:

1) Memorandum of Points and Authorities in Support of Motion of EH National Bank, Formerly Known as Excel National Bank, to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Doc. No. 9]
    a) Request for Judicial Notice in Support of Motion of EH National Bank, Formerly Known as Excel National Bank, to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Doc. No. 10]
    b) Declaration of Renata A. Guidry Re Non-Receipt of Opposition to EH National Bank, formerly known as Excel National Bank's Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Doc. No. 44]
2) Notice of Motion and Motion of City National Bank to Dismiss Complaint [Doc. No. 13]
    a) Request for Judicial Notice in Support of Motion of City National Bank to Dismiss Complaint [Doc. No. 14]
    b) Notice of Motion to Dismiss [Doc. No. 15]
3) Defendants Banc of California, N.A., for Itself, and as Successor to the Private Bank of California, and R. Todd Neilson's Notice of Motion and Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [Doc. No. 19]
    a) Defendants Banc of California, N.A., for Itself, and as Successor to the Private Bank of California, and R. Todd Neilson's Request for Judicial Notice in Support of Motion to Dismiss Complaint [Doc. No. 20]
4) Memorandum of Points and Authorities in Support of Motion of Dominion Corporation, to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Doc. No. 27]
    a) Notice of Motion to Dismiss [Doc. No. 28]
    b) Request for Judicial Notice of Dominion Corporation in Support of Concurrently Filed Motion to Dismiss Pursuant to Rules 12(b)(1) and 12(b)(6) [Doc. No. 29]
5) Defendant Chartis Property Casualty Company's Motion to Dismiss Plaintiff's Complaint Pursuant to FRCP 12(b)(5) and 12(b)(6) [Doc. No. 45]
    a) Defendant Chartis Property Casualty Company's Notice of Motion to Dismiss [Doc. No. 46]
    b) Request for Judicial Notice in Support of Defendant Chartis Property Casualty Company's Motion to Dismiss Plaintiff's Complaint [Doc. No. 47]
    c) Declaration of Joann Selleck in Support of Defendant Chartis Property Casualty Company's Motion to Dismiss [Doc. No. 48]
    d) Proof of Service [Doc. Nos. 50–51]

and (3) enter a final judgment dismissing the Complaint with prejudice, for the following reasons:
1) Plaintiff lacks standing because the claims for relief are property of Plaintiff's bankruptcy estate;
2) Defendants have been released of all liability for the claims asserted in the Complaint by releases executed in a previously-filed complaint;
3) The Complaint is barred by res judicata;
4) The statute of limitations on Plaintiff's claims for relief for elder abuse has expired;
5) With respect to all allegations occurring prior to February 27, 2010—which comprise the majority of allegations in the Complaint—Plaintiff was not 65 years old and therefore does not qualify for protection under California's Elder Abuse Act;
6) With respect to defendants EH Bank, City National, Banc of California, and Dominion Mortgage, the Complaint fails to allege that defendants had the requisite actual knowledge of the alleged fraud.

## I. Procedural Background

On January 20, 2011, Arnold Klein ("Plaintiff") filed a voluntary chapter 11 petition. Doc. No. 1, Case No. 2:11-bk-12718-RN. On June 27, 2011, Plaintiff filed a complaint against multiple entities ("Previous Complaint," Adv. No. 2:11-ap-02407-VZ). On April 12, 2012, the Court ordered that a Chapter 11 Trustee be appointed as a result of Plaintiff's "gross mismanagement" of the estate. Order Granting Motion for Appointment of Chapter 11 Trustee at ¶1 [Doc. No. 329, Case No. 2:11-bk-12718-RN]. On April 12, 2012, Bradley D. Sharp ("Sharp") was appointed as Chapter 11 Trustee. Doc. Nos. 330–31, Case No. 2:11-bk-12718-RN. On November 13, 2014, upon motion of the Chapter 11 Trustee, the case was converted to chapter 7. Doc. No. 1323, Case No. 2:11-bk-12718-RN. Sharp was appointed as the Chapter 7 Trustee. Doc. No. 1327, Case No. 2:11-bk-12718-RN. On October 22, 2015, Plaintiff died. Bradley D. Sharp, Chapter 7 Trustee's Notice of Status of Debtor and Chapter 7 Case [Doc. No. 1482, Case No. 2:11-bk-12718-RN].

In his capacity as the Chapter 11 Trustee and Chapter 7 Trustee, Sharp settled or dismissed all claims for relief in the Previous Complaint, as follows:
1) On April 10, 2013, the Court approved the Trustee's settlement agreement with EH Bank. Doc. Nos. 795 (EH Bank Settlement Agreement) and 860 (Order Approving EH Bank Settlement Agreement), Case No. 2:11-bk-12718-RN. The EH Bank Settlement Agreement provided for dismissal with prejudice as to EH Bank, and contained broad language releasing EH Bank from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against EHNB …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." EH Bank Settlement Agreement at ¶¶6a and 7a. On May 14, 2013, the Court entered an order dismissing the Previous Complaint with prejudice as to EH Bank. Doc. No. 221, Adv. No. 2:11-ap-02407-VZ.
2) On April 10, 2013, the Court approved the Trustee's settlement agreement with TD Ameritrade ("TDA"). Doc. Nos. 797 (TDA Settlement Agreement) and 861 (Order Approving TDA Settlement Agreement), Case No. 2:11-bk-12718-RN. The TDA

 Settlement Agreement provided for dismissal with prejudice as to TDA, and contained broad language releasing TDA from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against TDA …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." TDA Settlement Agreement at ¶¶6a and 7a. On January 13, 2014, the Court entered an order dismissing the Previous Complaint with prejudice as to TDA. Doc. No. 319, Adv. No. 2:11-ap-02407-VZ.

3) On April 10, 2013, the Court approved the Trustee's settlement agreement with Z&P Investment Services, LLC ("Z&P Investment"). Doc. Nos. 799 (Z&P Investment Settlement Agreement) and 862 (Order Approving Z&P Investment Settlement Agreement), Case No. 2:11-bk-12718-RN. The Z&P Investment Settlement Agreement provided for dismissal with prejudice as to Z&P Investment and contained broad language releasing Z&P Investment from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against Z&P …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." Z&P Investment Settlement Agreement at ¶¶6a and 7a.

4) On January 31, 2014, the Court approved the Trustee's settlement agreement with Allen V.C. Davis, as trustee for Davis Trust No. 1 U/A/T November 7, 1961 ("Davis") and Dominion Mortgage Corporation ("Dominion"). Doc. Nos. 1117 (Dominion Settlement Agreement) and 1151 (Order Approving Dominion Settlement Agreement), Case No. 2:11-bk-12718-RN. The Dominion Settlement Agreement provided for dismissal with prejudice as to Davis and Dominion, and contained broad language releasing Davis and Dominion from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against Davis and Dominion …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." Dominion Settlement Agreement at ¶¶4a and 5a.

5) On May 13, 2014, the Court approved the Trustee's settlement agreement with Able Investment Services, LLC ("Able Investment"). Doc. Nos. 1163 (Able Investment Settlement Agreement) and 1191 (Order Approving Able Investment Settlement Agreement), Case No. 2:11-bk-12718-RN. The Able Investment Settlement Agreement provided for dismissal with prejudice as to Able Investment, and contained broad language releasing Able Investment from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against Able …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting,

which he/it is giving up by executing this Settlement Agreement." Able Investment Settlement Agreement at ¶¶ 4a and 5a.

6) On June 5, 2014, the Court approved the Trustee's settlement agreement with City National Bank, N.A ("City National"). Doc. Nos. 1239 (City National Settlement Agreement) and 1265 (Order Approving City National Settlement Agreement), Case No. 2:11-bk-12718-RN. The City National Settlement Agreement contained broad language releasing City National from liability: "the Trustee hereby waives and releases any and all claims and other rights that the Estate possesses, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against CNB [City National] …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." City National Settlement Agreement at ¶¶ 4a and 5a.

7) On July 30, 2014, the Court approved the Trustee's settlement agreement with Jason Roger Pfeiffer ("Pfeiffer"). Doc. Nos. 1273 (Pfeiffer Settlement Agreement) and 1288 (Order Approving Pfeiffer Settlement Agreement). The Pfeiffer Settlement Agreement provided for dismissal with prejudice as to Pfeiffer, and contained broad language releasing Pfeiffer from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against Pfeiffer …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." Pfeiffer Settlement Agreement at ¶¶4a and 5a.

8) On November 10, 2014, the Court approved the Trustee's settlement agreement with The Private Bank of California ("TPBOC") (predecessor to the Banc of California) and R. Todd Neilson ("Neilson"). Doc. Nos. 1309 (Banc of California Settlement Agreement) and 1318 (Order Approving Banc of California Settlement Agreement), Case No. 2:11-bk-12718-RN. The Banc of California Settlement Agreement contained broad language releasing the Banc of California from liability: "the Trustee and the Klein Estate hereby waive and release any and all claims, demands, causes of action, and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against BofCa [Banc of California] (including TBPOC), and against each of their respective attorneys, representatives, employees, directors, officers, agents, successors, predecessors, assigns and insurers, individually and collectively …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." Banc of California Settlement Agreement at ¶¶ 4a and 5a.

9) On April 8, 2015, the Court approved the Trustee's settlement agreement with Muhammad Khilji ("Khilji"); Khilji & Klein, LLP; and MK, an Accountancy Corporation ("MK") (collectively, the "Khilji Parties"). Doc. Nos. 1351 (Khilji Parties Settlement Agreement) and 1370 (Order Approving Khilji Parties Settlement Agreement), Case No. 2:11-bk-12718-RN. The Khilji Parties Settlement Agreement provided for dismissal with prejudice as to the Khilji Parties, and contained broad language releasing the Khilji parties from liability: "the Trustee and the Klein Estate each

hereby waive and release any and all claims and other rights that they possess, and/or may possess, whether known or unknown and whether matured, contingent or disputed, against the Khilji Parties …. Each party recognizes that he/it may have some claim, demand or cause of action against the other Party of which he/it is totally unaware and unsuspecting, which he/it is giving up by executing this Settlement Agreement." Khilji Parties Settlement Agreement at ¶¶ 4a and 5a.
10) On May 21, 2015, the Court entered an order dismissing the Previous Complaint in its entirety with prejudice. Doc. No. 371, Adv. No. 2:11-ap-02407-VZ.

On June 16, 2015, Plaintiff filed a pro se Complaint for Elder Abuse and Declaratory Relief ("Complaint") in the Orange County Superior Court. The Complaint seeks relief against the same parties named in the Previous Complaint. Although captioned differently from the Previous Complaint, the vast majority of the Complaint appears to have been copied verbatim from the Previous Complaint—with the exception of the rearrangement of some paragraphs and the inclusion of more vitriolic language in some of the allegations.

The allegations of both complaints may be summarized as follows: Khilji and Pfeiffer were Plaintiff's trusted advisors and managers. Khilji and Pfeiffer abused this trust by opening unauthorized accounts in Plaintiff's name at EH Bank, The Private Bank of California, and City National. Khilji and Pfeiffer then used the bank accounts to embezzle large sums of money from Plaintiff. Among other things, Khilji and Pfeiffer liquidated Plaintiff's retirement and investments accounts without Plaintiff's consent; obtained unauthorized loans against Plaintiff's real properties; and used the bank accounts to pay wrongful credit card charges. The banks aided and abetted this fraud by acting without proper documentation or authorization, and by failing to take corrective action notwithstanding the suspicious nature of many of the transactions initiated by Khilji and Pfeiffer.

On August 5, 2015, EH Bank removed the Complaint to the United States Bankruptcy Court for the Central District of California, Santa Ana Division, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) and Fed. R. Bankr. P. 9027(a). As the basis for removal, EH Bank asserted that the claims for relief asserted in the Complaint belong to the Chapter 7 Trustee in Plaintiff's pending bankruptcy. As a result, EH argued, the Bankruptcy Court had "related to" jurisdiction under 28 U.S.C. §1334(b).

On September 8, 2015, the proceeding was transferred from the Santa Ana Division to the Los Angeles Division. Order Granting EH National Bank's Motion to Transfer Venue [Doc. No. 32, Adv. No. 2:15-ap-01487-ER]. On September 21, 2015, the proceeding was reassigned from Judge Neiter to Judge Robles because of a conflict of interest. Doc. No. 36, Adv. No. 2:15-ap-01487-ER.

**A. Motions to Dismiss Filed by EH Bank, City National, Bank of California, and Dominion Mortgage**

Defendants EH Bank, City National, Banc of California, and Dominion Mortgage all move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* Doc. Nos. 8–10, 13–15, 19–20, and 27–28, Adv. No. 2:15-ap-01487-ER. The four motions to dismiss are substantially similar and argue that the Complaint must be dismissed for the following reasons:
1) Plaintiff lacks standing because the claims for relief are property of Plaintiff's bankruptcy estate;
2) The Complaint is barred by releases executed in the Previous Complaint;

3) The Complaint is barred by res judicata;
4) The statute of limitations on Plaintiff's claims for relief has expired;
5) Plaintiff was not 65 years old at the time of the alleged actions and therefore does not qualify for protection under California's Elder Abuse Act; and
6) The Complaint fails to allege that defendants had the requisite actual knowledge of the alleged fraud.

**B. Motion to Dismiss Filed by Chartis Property Casualty Company**

On November 2, 2015, Chartis Property Casualty Company ("Chartis")[2] filed a Motion to Dismiss, Doc. Nos. 45–51. Chartis noticed its Motion to Dismiss for hearing on December 1, 2015. Chartis' Motion to Dismiss raises issues similar to the other motions to dismiss on file. The Court finds it appropriate to consider Chartis' Motion to Dismiss in conjunction with the others motions to dismiss. Plaintiff will not be prejudiced as a result. Although the Complaint names Chartis in the caption, the body of the Complaint contains no allegations against Chartis. In addition, as explained below, the Complaint is fatally defective as to Chartis and such defects could not be cured by any amendments.

## II. Findings of Fact and Conclusions of Law
**A. Jurisdiction**

The claims for elder abuse and declaratory relief arise under California law and are not core. Defendants Banc of California, EH Bank, City National, and Chartis have expressly consented to entry of final judgment. Doc. Nos. 1 at 5 (consent of EH Bank), 13 at 2 (consent of City National), 19 at 13 (consent of Banc of California) and 45 at 17 (consent of Chartis). Defendant Dominion Mortgage has impliedly consented to entry of final judgment by filing a motion to dismiss.

Plaintiff filed the Complaint in the Orange County Superior Court but, subsequent to the removal, has made no appearance. While it is true that Plaintiff may impliedly consent to adjudication before the Bankruptcy Court, such consent "must still be knowing and voluntary." *Wellness Int'l Network, Ltd. v. Sharif*, 135 S. Ct. 1932, 1948, 191 L. Ed. 2d 911 (2015). Implied consent is knowing and voluntary if "'the litigant or counsel was made aware of the need for consent and the right to refuse it, and still voluntarily appeared to try the case' before the non-Article III adjudicator." *Id* (internal citations omitted). Here, Plaintiff has not voluntarily appeared before the Bankruptcy Court and there is nothing in the record to suggest that Plaintiff was aware of the need to consent and the right to refuse it. The record is insufficient to support a finding that Plaintiff has impliedly consented to this Court's jurisdiction. Accordingly, the Court's findings will be transmitted as a Report and Recommendation to the District Court pursuant to Fed. R. Bankr. P. 9033.

**B. Plaintiff's Death**

Plaintiff died on October 22, 2015. Bradley D. Sharp, Chapter 7 Trustee's Notice of Status of Debtor and Chapter 7 Case [Doc. No. 1482, Case No. 2:11-bk-12718-RN]. The Court finds that Plaintiff has had sufficient time to respond to the motions to dismiss and that a continuance to allow Plaintiff's estate to respond is unnecessary. EH Bank, City National, and Banc of California filed motions to dismiss on August 12, 2015. Doc. Nos. 9, 13, and 19, Adv. No. 2:15-

---

[2] Chartis was erroneously sued as Chartis Insurance and Private Client Group.

ap-01487-ER. Pursuant to Local Bankruptcy Rule 9013-1, Plaintiff was required to file responsive papers by August 26, 2015. Dominion Mortgage filed a motion to dismiss on August 19, 2015 [Doc. No. 28, Adv. No. 2:15-ap-01487-ER] ; Plaintiff's response was due by September 2, 2015.[3] Plaintiff did not file responsive pleadings within these deadlines. As of November 4, 2015, no responsive pleadings are on file.

### C. The Complaint is Dismissed with Prejudice as to All Defendants

The Complaint fails to state a claim upon which relief can be granted. The motions to dismiss filed by EH Bank,[4] Banc of California,[5] City National, Dominion Mortgage, and Chartis are all granted and the Complaint is dismissed with prejudice as to those defendants. The Court *sua sponte* dismisses the Complaint, with prejudice, as to remaining defendants Muhammad Khilji; Jason Roger Pfeiffer; Khilji-Pfeiffer, LLC; Khilji & Klein, LLP; Z&P Investment Services, LLC; Able Investment Services, LLC; NXT Equities, Inc.; Robert Lorsch; and Todd Gallinger. *See Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)").

*1. Plaintiff Lacks Standing to Sue Because the Claims for Relief are Property of Plaintiff's Bankruptcy Estate*

Section 541(a) defines "property of the estate" as "all legal or equitable interests of the debtor in property as of the commencement of the case." Plaintiff filed a Chapter 11 petition on January 20, 2011. The case was converted to Chapter 7 on November 13, 2014. Plaintiff's Chapter 7 estate includes all of Plaintiff's property interests as of January 20, 2011, the date of the filing of the Chapter 11 petition. *See Wu v. Markosian (In re Markosian)*, 506 B.R. 273, 276 (9th Cir. B.A.P. 2014) ("Where a case is converted from Chapter 11 to Chapter 7, property of the estate is determined by the filing date of the Chapter 11 petition, and not by the conversion date.").

The alleged fraudulent activity took place prior to Plaintiff's filing of the chapter 11 petition on January 20, 2011. *See* Complaint at ¶37 (Pfeiffer became office manager "in early 2009" and "continued in that capacity through mid-2010"); ¶41 ("from the beginning of 2009 forward, [Plaintiff] Dr. Klein unknowingly became increasingly isolated from the realities of his own business and financial affairs" as a result of the conduct of Khilji and Pfeiffer); ¶43 (Khilji and Pfeiffer caused Plaintiff to sign various documents "in the first quarter of 2009"); ¶45 (by July 29, 2009, $850,000 had been withdrawn from Plaintiff's retirement account, and unauthorized credit card charges of $320,000 had been accrued); ¶47–48 (in January and February of 2010, Banc of California failed to take corrective action notwithstanding suspicious transactions occurring in Plaintiff's accounts); ¶68 (Khilji wrongfully liquidated $937,000 of Plaintiff's retirement account at TDA "[d]uring the first half of 2009"); ¶¶ 69–76 (in December 2009, Khilji and Pfeiffer wrongfully caused the property located at 553 South Windsor Blvd., Los Angeles, CA ("Windsor Property") to be refinanced at an unreasonably high interest rate; by May 2010,

---

[3] The delay between the filing of the motions to dismiss and the hearing date resulted from the fact that this matter was transferred from the Santa Ana Division to the Los Angeles Division. After arriving at the Los Angeles Division, the matter was reassigned from Judge Neiter to Judge Robles because of a conflict of interest.
[4] EH Bank was formerly known as Excel National Bank. Plaintiff erroneously sued EH Bank as Excel National Bank.
[5] Banc of California was formerly known as The Private Bank of California. The dismissal as to Banc of California also applies to R. Todd Neilson, an officer of Banc of California.

Khilji and Pfeiffer had embezzled the proceeds of the refinancing); ¶¶ 76–87 (during March to June 2010, Khilji and Pfeiffer listed property located at 31025 Pacific Coast Highway, Laguna Beach, CA ("Laguna Beach Property") for sale without Plaintiff's permission); ¶88 (on June 8, 2010, Khilji obtained a loan against the Windsor Property, and wrongfully distributed the proceeds to various bank accounts); ¶90 (in March 2009, David Rish intentionally over-medicated Plaintiff); ¶¶ 91–95 (in March of 2009, with the assistance of attorney Todd Gallinger, Khilji and Pfeiffer tricked Plaintiff into signing an amended will); ¶¶ 96–100 (in November 2009, Pfeiffer and Khilji opened accounts at EH Bank without Plaintiff's knowledge, and used those accounts to embezzle millions of dollars; EH Bank failed to take action with respect to suspicious transactions); ¶¶ 101–104 (in May 2010, Khilji used a forged note to access Plaintiff's accounts at City National, and removed $10 million; City National failed to detect the suspicious activity); ¶¶ 105–110 (in 2009, Z&P Investment Services accepted oral directions from Khilji to liquidate Plaintiff's retirement accounts, in contravention of Z&P's internal policies).

All claims for relief arising from the alleged fraudulent activity are property of Plaintiff's Chapter 7 estate and may be brought only by the Chapter 7 Trustee. Plaintiff has no standing to sue. *See Carramerica Realty Corp. v. NVIDIA Corp.*, 302 Fed. Appx. 514, 516 (9th Cir. 2008) ("The debtor's 'causes of action' are 'property of the estate.'… The trustee's standing to sue on behalf of the estate is exclusive.").

In addition, the Second Claim for Relief—for avoidance and recovery of fraudulent transfers pursuant to §544—is a type of action that, by the terms of the Bankruptcy Code, may be pursued only by Plaintiff's Chapter 7 Trustee, unless the Trustee assigns the claim for relief to another entity. There is no indication that any such assignment has occurred here.

*2. Defendants Have Been Released of Claims Asserted in the Complaint by Settlement Agreements Executed in the Previous Complaint*

As discussed in detail above, in the Previous Complaint, the Trustee of Plaintiff's estate executed settlement agreements releasing defendants from liability. The instant Complaint is Plaintiff's attempt to relitigate issues that have been forever barred by those settlement agreements and releases. The releases apply to defendants EH Bank, TDA, Z&P Investment Services, Banc of California, R. Todd Neilson (an employee of Banc of California), City National, Khilji & Klein LLP, Muhammad Khilji, Robert Lorsch (an employee of Khilji & Klein LLP), Jason Roger Pfeiffer, Dominion Mortgage, and Able Investment Services.

The only defendants who were not released from liability in connection with settlement agreements executed in the Previous Complaint are Khilji-Pfeiffer LLC, Chartis, Todd Gallinger ("Gallinger"), and NXT Equities ("NXT"). NXT and Khilji-Pfeiffer LLC were defendants in the Previous Complaint; Chartis and Gallinger were not defendants in the Previous Complaint. The Trustee obtained a default against NXT but did not pursue a default judgment because NXT was no longer in business. Doc. No. 366, Adv. No. 2:11-ap-02407-VZ.

Chartis was released from liability in connection with the settlement of a different adversary proceeding, Adv. No. 2:13-ap-01548-RN. *See* Doc. Nos. 1219 (Chartis Settlement Agreement) and 1253 (Order Approving Chartis Settlement Agreement), Case No. 2:11-bk-12718-RN. The Chartis Settlement Agreement contains broad language releasing Chartis of all liability, whether known or unknown.

Notwithstanding the absence of a release as to NXT, Gallinger, and Khilji-Pfeiffer LLC, the Complaint remains fatally defective and is dismissed with prejudice as to those entities. As to NXT, Gallinger, and Khilji-Pfeiffer LLC, Plaintiff lacks standing to sue and the claims for relief

are barred by the statute of limitations. As to NXT and Khilji-Pfeiffer LLC, the claims for relief are additionally barred by res judicata.

*3. Plaintiff is Precluded from Relitigating Issues Raised in the Previous Complaint*

As the Supreme Court has explained: "Simply put, the doctrine of *res judicata* provides that when a final judgment has been entered on the merits of a case, '[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" *Nevada v. United States*, 463 U.S. 110, 129–30 (internal citations omitted). "Res judicata is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between the parties." *Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

The three elements for the application of res judicata are present here. First, there is an identity of claims—the claims for relief asserted in the Complaint are the same as those asserted in the Previous Complaint. Second, a final judgment on the merits occurred in the Previous Complaint. The Previous Complaint was dismissed with prejudice by court order. Doc. No. 371, Adv. No. 2:11-ap-02407-VZ. Such a dismissal constitutes an adjudication on the merits for res judicata purposes. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 ("'[W]ith prejudice' is an acceptable form of shorthand for 'an adjudication upon the merits'"). Third, privity exists between the parties.[6]

The result is the same applying California law. *See Brother Records, Inc. v. Jardine*, 432 F.3d 939, 943 (9th Cir. 2005) ("In California, a judgment has res judicata effect on another case if: (1) the issues decided in the prior case were or could have been raised in the subsequent case; (2) there was final judgment on the merits; and (3) the party against whom the res judicata plea was asserted was a party in the prior case.") (emphasis omitted).

*4. Plaintiff's Claims for Elder Abuse and for Declaratory and Injunctive Relief are Barred by the Statute of Limitations*

California Welfare and Institutions Code §15657.7 provides that an action "for financial abuse of an elder … shall be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse." In the Complaint, Plaintiff asserts that he discovered the alleged fraud "in late February 2011": "After the Bankruptcy filing [Plaintiff] Dr. Klein hired Barbara Luna, a forensic accountant, to prepare a detailed report based on the records of Dr. Klein's offices. Only after Luna's report was submitted in late February 2011 that [sic] Dr. Klein learned he had been robbed and that the details give above were and are factual." Complaint ¶ 113. To be timely, the Complaint would have had to have been filed by February 2015. The Complaint was not filed until June 16, 2015. The claims for relief for elder abuse, as well as the claims for declaratory and injunctive relief based upon the elder abuse, are time-barred.

---

[6] Privity does not exist with respect to Gallinger, as Gallinger was not named in the Previous Complaint. Dismissal with prejudice as to Gallinger is supported by ample other reasons, including Plaintiff's lack of standing to sue and the expiration of the statute of limitations.

*5. Alleged Fraudulent Conduct Occurring Prior to February 27, 2010 Does Not Qualify as Elder Abuse*

Most of the alleged fraudulent conduct occurred before Plaintiff was 65 years old. To state a claim for relief for elder abuse, the Plaintiff must be over the age of 65 at the time of the alleged violation. *Jackson v. Ocwen Loan Servicing, LLC*, 2011 U.S. Dist. LEXIS 12816, *13–14 (E.D. Cal. Feb. 8, 2011). Plaintiff turned 65 on February 27, 2010.[7] To the extent that the alleged fraudulent conducted occurred prior to February 27, 2010, it does not constitute elder abuse within the meaning of the California Welfare and Institutions Code.

*6. The Complaint Fails to Allege that EH Bank, City National, Banc of California, and Dominion Mortgage had Actual Knowledge of the Alleged Fraud*

"[W]hen … a bank provides ordinary services that effectuate financial abuse by a third party, the bank may be found to have 'assisted' the financial abuse only if it knew of the third party's wrongful conduct." *Das v. Bank of Am., N.A.*, 186 Cal. App. 4th 727, 745, 112 Cal. Rptr. 3d 439, 454 (2010).

The Complaint fails to sufficiently allege that the banks had actual knowledge of the alleged fraudulent conduct. The Complaint alleges only that the banks failed to exercise adequate care with respect to suspicious transactions. The Complaint fails to state a claim for financial elder abuse.

Given the numerous defects associate with the Complaint, the Court finds that leave to amend would be futile. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (Court may dismiss complaint without leave to amend where any proposed amendment would be futile). The Complaint is dismissed with prejudice in its entirety.

###

Date: November 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

---

[7] The Court takes judicial notice of Plaintiff's February 27, 1945 birth date pursuant to Fed. R. Evid. 201(b)(2) (made applicable to these proceedings by Fed. R. Bankr. P. 9017). A birth date for a public figure such as Plaintiff is a fact that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.